IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Kontur,  Case No. 3:13CV1478

    Plaintiff

    v.  **ORDER**

Commissioner of Social Security,

    Defendant

    This is a social security disability case in which the plaintiff, following an order of remand to the Commissioner, has filed an application for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 20). The Commissioner, who acknowledges the plaintiff was a "prevailing party" under the Act, opposes the motion on the basis: 1) its request for compensation in excess of the statutory cap of $125/hour is not warranted; and 2) the hours expended were not reasonable.[1] (Doc. 22).

### Discussion

### A. Hourly Rate

    As plaintiff's reply brief notes, I have declined to limit the hourly rate for successful social security attorneys to the statutory maximum that Congress set two decades ago. *Draper v. Astrue*, 980 F. Supp. 2d 841, 845-46 (N.D. Ohio 2013); *see also Madrigal v. Commissioner*, 2013 WL10099009, *9 (N.D. Ohio); *Elston v. Commissioner*, 2012 WL 12024123, *1-2 (N.D. Ohio). I will not revisit the ground I covered in those decisions; I merely note that I remain persuaded, for the reasons stated therein, that imposing the cap on social security attorneys is not acceptable.

---

[1] The Commissioner does not contend that counsel did not expend the hours reported; only the reasonableness of the hours is challenged.

I find the hourly rates, in light of those decisions, that counsel seeks appropriate. Consequently, I base plaintiff's fee award on an hourly rate of $187.00 for 2013 time and $189.75 for 2014 time.

### B. Number of Hours

There is no judicial task that I approach with less enthusiasm and more uncertainty that I can get it "right" than trying to assess whether a competent and experienced lawyer should have expended the time for which she seeks compensation. The lens of hindsight is always foggy, easy to manipulate, and rarely gives an undistorted view.

This is especially so in social security disability cases. Medical conditions and histories are typically complex, especially where the claimant has multiple physical and/or mental impairments. To prevail in District Court is an infrequent event; prevailing on appeal even more so.

With twenty years of practice representing claimants, counsel in this case, as is usually the case, has extensive experience representing claimants. She is able to use her time efficiently.

The issue is whether she did so in this case, so that she should receive compensation for the hours she spent accomplishing a successful outcome for her client.

In her reply to the Commissioner's contention that I should reduce the compensable hours from 46.8 hours to 31.65 hours (Doc. 22, at 6), she argues that this case necessitated multiple reviews of the record during its sixteen-month span. On the other hand, it appears that whatever complexities existed came from the record, rather than the novelty of the issues. And I do agree with the Commissioner that expenditure of 28.5 hours on two briefs seems a tad high.

I also agree that the administrative tasks on which counsel spent 2.55 hours appear to be the sort of tasks that a paralegal or assistant could handle.

All that being said, and all that the parties have asserted being considered, I conclude that it is appropriate to reduce slight the 2013 compensable time by 6.5 hours re. the brief and while

compensating fully the time reported as expended on administrative tasks, I will do so at the paralegal rate.

Plaintiff's counsel shall submit a revised statement for her fee award, and include therein the time expended re. the EAJA litigation at her 2014 rate.

It is, accordingly,

ORDERED THAT:

1. Attorney's fees and costs be, and the same hereby are awarded to plaintiff's counsel as provided herein; and

2. Plaintiff's counsel to submit a proposed judgment entry incorporating the reductions ordered herein on or before February 16, 2015.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge